**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Terrell Thompson,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CIV 11-815-TUC-FRZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on December 19, 2011, by Anthony Terrell Thompson, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Thompson claims his plea of guilty was not knowing and voluntary and his trial counsel was ineffective. *Id*.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Thompson pleaded guilty to one count of sexual conduct with a minor under age fifteen pursuant to a plea agreement. (Doc. 10, p. 2) In accordance with the terms of that agreement, six other counts of sexual conduct were subsequently dismissed by the state. *Id*. On April 17,

1  2006, the trial court gave Thompson a presumptive sentence of 20 years' imprisonment. *Id*.,
2  p. 3

3  On May 15, 2006, Thompson filed notice of his Rule 32 of-right proceeding. *Id*. In his
4  petition, Thompson argued his guilty plea was not knowing and voluntary because (1) the state
5  failed to disclose *Brady* material that would have been useful for impeachment and (2) trial
6  counsel was ineffective for failing to obtain that impeachment material. (Doc. 11-2, pp. 9-22)
7  The trial court denied the petition on March 8, 2007. (Doc. 11-2, p. 24)

8  The court of appeals granted review but denied relief on August 31, 2007. (Doc. 11-2,
9  p. 34) Thompson did not file a petition for review before the Arizona Supreme Court. (Doc. 11,
10 p. 3)

11 On January 29, 2008, Thompson filed his second notice of post-conviction relief. *Id*.;
12 (Doc. 11-2, p. 42)  In his petition, Thompson argued his guilty plea was not knowing and
13 voluntary because at the change of plea hearing, (1) the trial court misled Thompson into
14 thinking he would receive a mitigated 13-year sentence and (2) the trial court urged Thompson
15 to accept the plea agreement, which constituted improper participation in plea negotiations.
16 (Doc. 11-3, pp. 2-10) The trial court denied the petition on April 3, 2009. (Doc. 11, p. 4) The
17 trial court found the claims precluded and, in the alternative, without merit. *Id*.

18 The court of appeals granted review but denied relief on August 31, 2009. (Doc. 11, p.
19 4); (Doc. 11-4, p. 8)  Thompson's petition for review before the Arizona Supreme Court was
20 denied on February 5, 2010. *Id*.; (Doc. 11-4, p. 12)

21 On July 16, 2010, Thompson filed his third notice of post-conviction relief. (Doc. 11,
22 p. 4); (Doc. 11-4)  In his petition, Thompson argued his trial counsel was ineffective for failing
23 to object to the trial court's improper participation in plea negotiations. *Id*.; (Doc. 11-4, p. 15)
24 The trial court denied the petition as precluded on August 24, 2010. *Id*.; (Doc. 11-4, p. 22)
25 Thompson filed a motion for reconsideration that was denied on October 20, 2010. *Id*.; (Doc.
26 11-4, p. 25)

The court of appeals granted review but denied relief on February 15, 2011. (Doc. 11, p. 4); (Doc. 11-4, p. 29) Thompson's petition for review before the Arizona Supreme Court was denied on August 8, 2011. *Id.*; (Doc. 11-4, p. 35)

On December 15, 2011, Thompson filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues his plea of guilty was not knowing and voluntary because (1) the trial court failed to advise him that because his seven counts were factually related, he did not face seven consecutive sentences if he lost at trial, (2) the trial court and trial counsel failed to realize that his offense was not a class 2 felony because the thirteen-year-old victim told him that she was seventeen years old, (3) the trial court erroneously stated that Thompson was precluded from arguing at trial that he believed the victim was seventeen years old, (4) the trial court mislead him into believing he would receive a mitigated sentence, and (5) the trial court improperly participated in plea negotiations. (Doc. 1); *see also* (Doc. 11-1, p. 62) He further argues (6) trial counsel was ineffective for failing to challenge the trial court's errors. (Doc. 1)

On May 14, 2012, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 11) Thompson filed a reply on June 13, 2012. (Doc. 14)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \* \* \*

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Thompson's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On August 31, 2007, the court of appeals affirmed the trial court's denial of Thompson's Rule 32 of-right proceeding. Thompson then had 30 days to file a petition for review before the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a). His judgment became final on October 1, 2007,[1] when he failed to do so. *See Summers v. Schriro*, 481 F.3d 710, 716 -717 (9th Cir. 2007) ("We therefore conclude that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008).

The one-year limitation period began running the next day and ran for 119 days until it was tolled on January 29, 2008, when Thompson filed his second notice of post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until his petition for review before the Arizona Supreme Court was denied on February 5, 2010.

The limitation period began running again the next day and ran for an additional 160 days until July 16, 2010, when Thompson filed his third notice of post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until his petition for review before the Arizona Supreme Court was denied on August 8, 2011.

The one-year limitation period began running the next day and expired 86 days later on November 3, 2011.[2] Thompson filed his petition in this court on December 19, 2011. It is time-barred.

---

[1] Because the 30th day, September 30, 2007, is a Sunday, the deadline ends on the next Monday, October 1, 2007. Ariz.R.Crim.P. 1.3 (a).

[2] 119 days +160 days +86 days =365 days.

- 4 -

Thompson argues his petition is timely because he filed it within one year from the date the Arizona Supreme Court denied his third post-conviction relief petition. (Doc. 14, p. 5) He is incorrect. His judgment became final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This occurred when the court of appeals affirmed the trial court's denial of his Rule 32 of-right proceeding and he failed to file a petition for review before the Arizona Supreme Court. *Hemmerle*, 495 F.3d at 1073-74. The limitation period began to run the next day and ran until he filed his second notice of post-conviction relief. The limitation period began to run again when his second post-conviction relief proceeding ended and ran until he filed his third post-conviction relief notice. When his third post-conviction relief proceeding ended, his limitation period began running a third time. It expired before the pending petition was filed.

In the alternative, Thompson argues this court "should find that petitioner's second and third petitions for post-conviction relief are attempts to *correct the deficiencies* of Mr. Thompson's ineffective assistance of trial counsel's claims, and the issue of the trial court's colloquy about the plea agreement and consider the merits." (Doc. 14, p. 6) (emphasis added)

Because he uses the phrase "correct the deficiencies," the court believes Thompson is invoking the "gap" tolling rule discussed in *Hemmerle v. Schriro*. *See Hemmerle*, 495 F.3d at 1075. He is not.

In *Hemmerle*, the court considered whether the petitioner was entitled to "gap" tolling between the dismissal of his first notice of post-conviction relief (for failing to file a timely petition) and the filing of his second notice of post-conviction relief. *Hemmerle*, 495 F.3d at 1075. The court stated that if the second notice "simply attempted to *correct the deficiencies* in the prior petition," both notices would be considered part of one "full-round" of collateral review and the limitation period would be tolled during this "gap." *Id*. (emphasis added) The *Hemmerle* rule applies to tolling within a single round of post-conviction relief.

This case is different. Thompson does not argue he is entitled to tolling within a single round of collateral review. Instead, Thompson argues he is entitled to tolling *between* rounds of collateral review because his second and third rounds of collateral review were simply

- 5 -

attempts to "correct the deficiencies" in his first round. The period between separate rounds of collateral review, however, is not tolled because there is nothing pending before the state court at that time. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."); *cert. denied*, 131 S.Ct. 3023 (2011). The *Hemmerle* rule does not apply to the gaps between Thompson's three separate rounds of collateral review. *Hemmerle*, 495 F.3d at 1075.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 11th day of March, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge